Dear Mr. Woolridge:
This office is in receipt of your request for an opinion of the Attorney General in regard to membership on the Louisiana State Board of Certification for Substance Abuse Counselors. Dr. Sydney J. Dupuy, III, is a State Board member appointed by the Governor in accordance with R.S. 37:3373 and his term expires on September 16, 1995. He last attended a meeting on July 11, 1992, and has stated his professional practice severely limits his time for Board business. You ask what procedures are available for removal of a member of the State Board who has not participated in any Board meeting or function for over 18 months.
Under R.S. 37:3373 the Louisiana State Board of Certification for Substance Abuse Counselors is created, consisting of seven members appointed by the Governor, subject to Senate confirmation.
You point out that R.S. 37:3373 provides that members appointed to fill vacancies caused "by death, resignation or removal" shall fill the unexpired term of their predecessors which reflects members may be removed. However, there is no procedure set forth for removal.
We believe the removal of a Board member has to be by the Governor. This office has recognized that every public officer except in case of impeachment or suspension shall continue to discharge the duties of his office until his successor is inducted. Any attempted removal without the concurrence of the Governor could be ineffective by simply having the Governor decline to make a new appointment, thereby requiring the appointee to continue in office.
Moreover, while the Board is given the duty to promulgate and publish rules and regulations to administer the provisions of the Chapter, we do not believe these rules can regulate the composition of the Board by removal of members of the Board that are appointed by the Governor other than to provide for a procedure to request the Governor take steps for removal.
You indicate the Board has adopted By-Laws to govern the operation of the Board and in the By-Laws it is provided that board members will attend regular and specially called meetings, and the Board may report to proper governmental agencies the attendance records of its members.
It would follow under these By-Laws the attendance record can be furnished the Governor along with a request for removal of any member who fails to attend regularly, but we must conclude removal is at the discretion of the Governor.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR